IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA AVERBECK,

                Plaintiff,

v.                                             OPINION and ORDER

THE LINCOLN NATIONAL LIFE INSURANCE         20-cv-420-jdp
COMPANY and DOES 1 THROUGH 10, INCLUSIVE,

                Defendants.

---

Plaintiff Tamara Averbeck received long-term disability and life insurance benefits for almost a year until defendant The Lincoln National Life Insurance Company terminated her benefits. Averbeck appealed that decision; Lincoln denied the appeal. Averbeck then brought this lawsuit under the Employee Retirement Income Security Act (ERISA), seeking to recover benefits and attorney fees and costs. Four months later, Lincoln reinstated her benefits, including the back benefits.

The parties were unable to agree on Averbeck's attorney fees, which is part of the remedy provided under ERISA. Lincoln contends that with the payment of full back benefits, Averbeck's case is now moot, so it moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

The court has jurisdiction to decide whether Averbeck is entitled to attorney fees, so the court will deny Lincoln's motion to dismiss for lack of jurisdiction. But Averbeck hasn't shown that the court should exercise its discretion to award fees. Averbeck will be ordered to show cause why the court should not decline to award fees and close this case.

ANALYSIS

A federal court does not have the authority to decide a moot case, which is one where the underlying problem has been resolved and nothing remains for the court to decide. *Cornucopia Institute v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009); *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Where a claimant seeks benefits and attorney fees under ERISA, and the plan administrator restores the claimant's benefits in full, the court retains jurisdiction to decide a claimant's fee claim. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). So even if Averbeck's underlying claim is moot, the court would have jurisdiction over her potential claim for attorney fees. Averbeck's claim is not properly disposed of on a jurisdictional motion under Rule 12(b)(1). Lincoln's request for relief would be more properly framed as a motion for summary judgment, which would require Averbeck to come forward with evidence to support her claim for fees.

Under ERISA, the court has discretion to award attorney fees to either party:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). The court's discretion is not unbounded. The court may award fees to a party only if the party has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245, (2010). Some degree of success on the merits means something more than trivial or purely procedural success. *Id.* at 255. But it does not require "prevailing party" status, which would mean that the party had won a judgment in its favor. If the party shows some degree of success on the merits, the court may then decide whether it would appropriate to award the successful party its reasonable attorney fees.

The court is aware of no binding authority on whether a party in an ERISA case achieves some success on the merits with a favorable settlement. Lincoln contends that "some success on the merits," means that a party has received a favorable ruling on the merits from the court. Lincoln cites two cases from the Eastern District of Wisconsin that appear to take this approach. *See Reimann v. Prudential Ins. Co. of Am.,* No. 10-cv-456-jps, 2010 WL 4116743, at *2 (E.D. Wis. Oct. 19, 2010); *Mondovi Dairy Sys., Inc. Emp. Benefit Plan v. Blue Cross Blue Shield of Wisconsin*, No. 15-cv-826-jps, 2016 WL 109965, at *7 (E.D. Wis. Jan. 8, 2016). Averbeck counters with district court cases that suggest that a plaintiff might be entitled to fees so long as the administrator awards benefits after a federal case has been filed. *See Pomerleau v. Health Net of California, Inc.*, No. CV 11-01654 DDP FMOX, 2012 WL 5829850 (C.D. Cal. Nov. 15, 2012); *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530, 542 (S.D.N.Y. 2011). The court is not persuaded to take either of the polar approaches.

The problem with Lincoln's approach is that it is tantamount to requiring prevailing party status. In most ERISA cases, the court's first opportunity to express any view of the merits would be at summary judgment. This is what happened in *Hardt*: although the plaintiff did not secure judgment in her favor, and thus was not a prevailing party, the district court remanded the case because the administrator had violated plaintiff's rights. The court does not read *Hardt* to require such a solid and fully litigated victory as a prerequisite to an award of fees. But the problem with Averbeck's approach is that it would allow an award of fees whenever the plan administrator agrees to settle an ERISA case with some award of benefits, regardless of the merits of the lawsuit.

Both of these polar approaches would incentivize litigation mischief. Lincoln's approach would encourage plaintiffs to refuse to settle even when the administrator admits error and

tries to correct it, because only a merits decision from the court would result in an award of fees. It might also encourage administrators to drag out the litigation process, imposing expenses and effort on plaintiff's counsel, counting on settlement on the eve of an adverse decision to avoiding bearing the cost of litigation. Averbeck's approach would incentivize unnecessary litigation and encourage plaintiff's counsel to drive up their own expenses. ERISA litigation should focus on the merits, not on the quest for attorney fees.

The court will take a middle course. Averbeck doesn't need a court ruling in her favor as a prerequisite to an award of attorney fees. But to show success on the merits in the absence of such a ruling, she must show that litigation effort and the merits of her case led to Lincoln's award of benefits. Averbeck has made no such showing so far, even though months ago her counsel expressed intent to file a motion for attorney fees "very soon." Dkt. 17, at 6. The court will order Averbeck to show cause why this case should not be dismissed without payment of her attorney fees.

ORDER

IT IS ORDERED that:

1. Defendant The Lincoln National Life Insurance Company's motion to dismiss, Dkt. 15, is DENIED.

2. No later than October 4, 2021, plaintiff Tamara Averbeck must show cause why the case should not be dismissed without payment of attorney fees. Defendant The Lincoln National Life Insurance Company may have until October 15, 2021, to respond.

Entered September 30, 2021.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge