IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMARA AVERBECK,

                      Plaintiff,

v.                                                          OPINION and ORDER

THE LINCOLN NATIONAL                             20-cv-420-jdp
LIFE INSURANCE COMPANY,

                      Defendant.

---

Plaintiff Tamara Averbeck brought this lawsuit under the Employee Retirement (ERISA) after defendant The Lincoln National Life Insurance Company terminated her long-term disability and life insurance benefits and denied her appeal. Four months after filing suit, Lincoln reinstated her benefits and also paid her back benefits.

The question now before the court is whether Averbeck is entitled to attorney fees. In a previous order, I directed her to show cause why the case should not be dismissed without payment of her attorney fees. Dkt. 24.

The ERISA fee-shifting statute gives the court discretion to award reasonable attorney fees to either party. 29 U.S.C. § 1132(g)(1). But the court's discretion is not unlimited. To be eligible for attorney fees, the party must show "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). In *Hardt*, the Supreme Court explained that to meet this standard, a party does not need to reach "prevailing party" status, which would mean that the party had won a judgment in its favor. But a party must gain something more than "trivial success on the merits" or a "purely procedural victory." *Id.* at 255. The standard is satisfied "if the court can fairly call the outcome of the litigation some success

on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial' or occurred on a 'central issue.'" *Id.* (citations omitted).

In this case, Lincoln National restored Averbeck's benefits before the court ruled on the merits of her ERISA benefits claim. In my order to show cause, I told Averbeck that to show some success on the merits in the absence of such a ruling, she must show that her litigation effort and the merits of her case led to Lincoln's award of benefits. Dkt. 24.

The court has reviewed the parties' submissions in response to the order to show cause and concludes that Averbeck meets the standard in *Hardt*. She has demonstrated that the merits of her case are strong. Her complaint is thorough and detailed. Dkt. 1. In response to my order, Averbeck submitted a declaration discussing her disability and severe workplace limitations stemming from a 2007 motor vehicle accident. Dkt. 30. She says that the Social Security Administration determined that she was disabled and awarded her disability benefits under a similar standard to Lincoln National's. Dkt. 30-6. She identified specific errors with Lincoln National's decisions at each stage in the benefits determination process. Dkt. 28, 20–23. For example, she identifies key medical records that Lincoln National failed to consider in its benefits determinations and she points out where Lincoln National drew inaccurate conclusions and misrepresented her medical information. *Id.* She makes the common-sense argument that an insurer generally does not reinstate benefits to an individual with a meritless claim. *Id.*, at 27. Finally, she notes that Lincoln National overturned her benefits denial under a more stringent standard than applied to its original decision. *Id.*, at 27–28; Dkt. 30-15. Averbeck received the relief she sought because of her litigation efforts and the strength of her case.

The court also considers whether Lincoln National's position on Averbeck's award eligibility is "substantially justified." *Temme v. Bemis Co.*, 762 F.3d 544, 550 (7th Cir. 2014). All Lincoln National says about its decision to restore Averbeck's benefits is that it was "voluntary." *E.g.,* Dkt. 31, at 15. But it does not explain or adduce evidence showing how or why it made this decision. Lincoln National also contends that Averbeck's litigation efforts were so minimal that they could not have contributed to the benefits reinstatement. Specifically, it says that Averbeck submitted only four filings to the court, three of them routine, between the time that she filed her complaint and Lincoln National restored her benefits. But that really suggests that Averbeck's case was strong enough that she did not need much in the way of litigation beyond the initial complaint to prompt Lincoln National to conclude that she could prevail.

Averbeck is entitled to her reasonable attorney fees, expenses, and costs. Averbeck's fees should be relatively modest. The court encourages the parties to reach agreement on the amount. If the parties are unable to agree, Averbeck has until September 30, 2022, to file a properly supported request for fees and expenses and a bill of costs. (For instructions on preparing the request, see Dkt. 14, Preliminary Pretrial Packet, at 39.)

ORDER

IT IS ORDERED that:

1. Plaintiff Tamara Averbeck is entitled to recover her reasonable actual attorney fees, expenses, and costs.

2. Averbeck has until September 30, 2022, to submit either a stipulation on the amount of fees, expenses, and costs, or a properly supported request for fees and

expenses and a bill of costs. Defendant The Lincoln National Life Insurance Company has until October 10, 2022, to file any objection to Averbeck's request.

Entered August 30, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge